UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

TEON SIMONS,

          Defendant.

07-CR-874

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted). Although a written statement of

1

reasons pursuant to 18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On July 1, 2008, Simons pled guilty to count one of a forty-count indictment, which charged that between May 2006 and November 2007, Simons and others conspired to distribute and possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii).

Simons was sentenced on January 15, 2009. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be twenty-nine and defendant's criminal history category to be one, yielding a guidelines range of imprisonment of between 87 and 108 months. Simons received a two-point reduction in the total offense level because he satisfied the "safety-valve" provisions in sections 2D1.1(b)(11) and 5C1.2 of the United States Sentencing Guidelines. The guidelines range of fine was from $15,000 to $150,000.

The offense carried a minimum term of imprisonment of ten years and a maximum term of life in prison. See 21 U.S.C. § 841(b)(1)(A). Simons qualified for the "safety valve" under 18 U.S.C. § 3553(f) because: 1) he does not have more than one criminal history point; 2) he used no violence, threats, or dangerous weapons in connection with the offense; 3) there was no serious bodily harm caused to anyone; 4) he had a minor role in the criminal enterprise; and 5) he truthfully provided to the government information regarding the offense. The government

agreed that the defendant was entitled to the "safety valve" such that the statutory minimum does not apply.

The underlying charges in the indictment were dismissed as to this defendant upon motion by the government.

Simons was sentenced to sixty months imprisonment and five years supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C.§3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C.§3553(a). The court did not depart from the guidelines and sentenced the defendant under 18 U.S.C.§3553(a).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C.§3553(a)(1). The offense is serious. The defendant was a member of a gang that disturbed the peace and threatened the safety of residents living in a public housing project. His young adulthood was impacted by the destructive influence of his peers involved in criminal drug distribution. He has a supportive family and provides for his three young children. A sentence of sixty months reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C.§ 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in drug gangs will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation and the impact of this conviction on the

defendant's ability to apply for certain employment. It is unlikely that he will engage in further criminal activity in light of his family circumstances and acceptance of responsibility for his actions.

/s/ Jack B. Weinstein
Jack B. Weinstein
Senior United States District Judge

Dated: February 2, 2009
      Brooklyn, New York

4